Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| DAVID J. PÉREZ ARRITOLA<br><br>Demandante - Apelante<br><br>v.<br><br>CARLOS L. GARCÍA MUÑIZ Y OTROS<br><br>Demandados - Apelados | KLAN202400885 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil núm.: SJ2020CV05757<br><br>Sobre: Nulidad de Disolución de Sociedad Civil; Nulidad de Compraventa; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2025.

El Tribunal de Primera Instancia ("TPI") desestimó, por las alegaciones, las reclamaciones de una demanda dirigidas contra tres de las partes demandadas en conexión con una transacción de compraventa de un inmueble. Según se explica a continuación, concluimos que actuó correctamente el TPI, pues la única causa de acción viable en este caso concierne a los socios de la entidad vendedora, al no afectarse la validez de la transacción por la disputa interna entre los referidos socios.

I.

En octubre de 2020, el Sr. J. David Pérez Arritola (el "Demandante" o "Apelante") presentó la acción de referencia, sobre nulidad de disolución de la sociedad civil, nulidad de la compraventa de cierto inmueble y daños y perjuicios, contra el Sr. Carlos L. García Muñiz (el "Socio"), la Sra. Carmen A. Solá Morales y la Sociedad Legal de Gananciales García-Solá; MAC Development, Corp. ("MAC"); Cuenta Individual del Sr. García en el Fideicomiso

Plan de Retiro de Horizontes Development S.E. ("Target"); el Sr. Miguel A. Ramos Lozada, la Sra. María M. Hernández Solivan y la Sociedad Legal de Gananciales Ramos-Hernández; De Diego Village, LLC ("DDV" o el "Comprador"); Plaza de Diego, S.E. (la "Sociedad"), la Autoridad para el Financiamiento de la Vivienda de Puerto Rico ("AFV"); De Diego Village Holding Inc. ("DDV-H"); y personas de identidad desconocida. En mayo de 2022, el Apelante presentó una *Demanda Enmendada* (la "Demanda")[1] para incluir como demandado a U.S. Department of Housing and Urban Development ("HUD") y añadir otras alegaciones. El Demandante posteriormente desistió en cuanto a HUD.

El Demandante alegó que, junto al Socio, el Sr. Ramos y las entidades MAC y Target, establecieron la Sociedad. La Sociedad sería a término fijo, esto es, hasta el 21 de diciembre de 2028, y el socio administrador designado fue MAC. El 22 de diciembre de 1993, la Sociedad compró un inmueble (la "Propiedad") y comenzó a operar un centro comercial. El Demandante alegó que, el 13 de julio de 2015, el Socio y el Sr. Ramos (en conjunto, "los Socios"), sin su conocimiento ni participación, formaron la entidad DDV y gestionaron que la Sociedad le vendiera la Propiedad a DDV por $620,000.00 en mayo de 2020. Ello con el fin de desarrollar un complejo de residencias bajo el programa *Low Income Housing Tax Credit* (el "Programa"). Además, sostuvo que, en mayo de 2019, el Socio le informó que la Sociedad sería liquidada.

Por su parte, se alegó que, al venderse la Propiedad, el Comprador suscribió un *Mortgage Note* por $10,300,000.00, a favor de la AFVPR, garantizado con una hipoteca sobre la Propiedad, otro *Mortgage Note* por $18,127,253 a favor de DDV-H.

---

[1] Apéndice del recurso, págs. 20-42.

El Demandante sostiene que lo actuado por los Socios y por MAC constituyó una violación a sus deberes fiduciarios y que la venta de Propiedad fue hecha de mala fe. Planteó que dicha venta era nula porque no le precedió la aprobación unánime de todos los miembros de la Sociedad.

El Demandante solicitó los siguientes remedios: 1) paralización del proceso de la liquidación de la Sociedad; 2) reivindicación de la Propiedad, luego de decretarse la nulidad de la compraventa, con la devolución de las contraprestaciones; y 3) daños y perjuicios por el incumplimiento de los Socios y de MAC con sus deberes de administración y fiduciarios. En la alternativa, solicitó que todos los ingresos generados por el Comprador y DDV-H en el proyecto desarrollado en la Propiedad se asignaran a la Sociedad.

En junio de 2022, la Sociedad, MAC, Target y los Socios presentaron una *Moción de Desestimación Parcial de la Demanda al Amparo de las Reglas 10.2 (5) y 42.3 de Procedimiento Civil,*[2] en cuanto a la causa de acción de nulidad de la compraventa de la Propiedad.

En el mismo mes, AFV presentó una *Moción de Desestimación,*[3] en la cual alegó que la Demanda no contiene alegación alguna en su contra y que ninguno de los remedios solicitados están dirigidos a la AFV. La AFV resaltó que no tiene interés en la Sociedad y que no fue parte de la compraventa de la Propiedad. Arguyó que, aunque se declarase nula la escritura de compraventa, sería un tercero registral y sus derechos sobre el inmueble no se verían afectados.

Poco después, el Comprador y DDV-H también solicitaron la desestimación de la Demanda en cuanto a dichas partes.

---

[2] *Íd.*, págs. 43-64.
[3] *Íd.*, págs. 219-228.

Sostuvieron que los hechos alegados son insuficientes para demostrar la existencia de derecho a un remedio, por lo cual no son suficientes para sostener una causa de acción.

El 29 de junio de 2023, el TPI notificó una *Sentencia Parcial* (la "Sentencia")[4], mediante la cual desestimó con perjuicio la Demanda en cuanto al Comprador, DDV-H y la AFVPR (los "Apelados"). El TPI razonó que, en cuanto a dichas partes, la Demanda no expone alegaciones que justificaran la concesión de un remedio. En específico, el TPI concluyó que los hechos alegados, aun de probarse, no conllevarían la anulación de la compraventa de la Propiedad y, además, que no se configuraría una causa de acción viable, sobre daños, en contra de los Apelados.

Inconforme, el 14 de julio de 2023, el Demandante solicitó la reconsideración de la Sentencia[5], lo cual fue denegado por el TPI mediante una Resolución notificada el 30 de agosto de 2024.[6]

Inconforme, el 30 de septiembre (lunes), el Demandante presentó el recurso que nos ocupa; formula los siguientes señalamientos de error:

1. Erró el Honorable Tribunal de Primera Instancia al desestimar la segunda causa de acción de la Demanda Enmendada, que buscaba la nulidad de la compraventa y la reivindicación de la propiedad, al concluir incorrectamente que los hechos alegados no justificaban la nulidad de la transacción.

2. Erró el Honorable Tribunal de Primera Instancia al desestimar la quinta causa de acción de la Demanda Enmendada, relacionada con los daños y perjuicios reclamados, bajo el erróneo fundamento de que no se solicitó el descorrimiento del velo corporativo, cuando los hechos alegados justificaban la reclamación por daños.

El Demandante arguye que la compraventa es nula porque la transacción fue "en perjuicio de un tercero" y porque constituye un

---

[4] *Íd.*, págs. 597-622.
[5] *Íd.*, págs. 623-641.
[6] *Íd.*, págs. 686-695.

"pacto que excluye a uno o más socios de toda parte en las ganancias o en las pérdidas" de la Sociedad. Señaló que la Propiedad se vendió para "beneficio exclusivo" de los Socios y "en detrimento de [su] participación" en la Sociedad.

En otras palabras, el Demandante plantea que "la venta de la Propiedad sirvió para excluirlo del beneficio futuro de su desarrollo". Arguyó que el desarrollo de la Propiedad bajo el Programa "era una oportunidad de negocio" que debió presentarse a la Sociedad, lo cual no ocurrió, optando en vez los Socios por "crear entidades ajenas y secretas", violando así "su deber fiduciario, usurpando una oportunidad que pertenecía a la [S]ociedad y que debía haberse discutido y desarrollado dentro" de ella.

El Demandante sostiene que el Comprador conocía que, con la compraventa, se afectarían ilegítimamente sus derechos como miembro de la Sociedad, ello en atención al interés del Socio en el Comprador, por lo cual existiría una causa de acción viable por daños en contra de dicha entidad.

A finales de octubre, los Apelados presentaron sus alegatos en oposición. En síntesis, sostienen que la Demanda no expone hechos suficientes para responsabilizarlos por los supuestos daños sufridos por el Demandante, ya que estos surgen de controversias internas entre los miembros de la Sociedad. Resolvemos.

II.

Como cuestión de umbral, concluimos que tenemos jurisdicción para adjudicar el recurso de referencia, por lo cual denegamos las solicitudes de desestimación presentadas por los Apelados.

No tiene pertinencia que, al notificar al TPI de la presentación del recurso, el Demandante no haya acompañado la copia de la portada del recurso. Adviértase que el recurso se presentó el 30 de septiembre y no hay controversia sobre el hecho de que, el 2 de

octubre, el Demandante presentó una moción ante el TPI mediante la cual le informó a dicho foro que, el 30 de septiembre, había presentado ante este Tribunal el recurso que nos ocupa. Ello en cumplimiento con la Regla 14(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 14(B).

Aunque el Demandante omitió acompañar copia de la portada del recurso, como se requiere, se trata de un defecto de notificación que no acarrea la desestimación del recurso. Adviértase que la moción, aun sin la copia de la portada del recurso, cumplió con el fin primordial de notificar oportunamente al TPI de la presentación de la apelación. La omisión de incluir la copia de la portada de forma alguna afectó el trámite en el TPI o causó perjuicio a alguna de las partes. Véase, por ejemplo, Regla 12.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 12.1.

Por otra parte, y contrario a lo planteado por el Comprador, la moción de reconsideración de la Sentencia interrumpió el término para apelar. La referida moción se presentó de forma oportuna y contiene la especificidad requerida para surtir efecto interruptor.

III.

La desestimación resuelve un pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo o en los méritos. *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 745 (2005); R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, Quinta Edición, San Juan, Michie de Puerto Rico, 2010, pág. 369. De este modo, nuestro ordenamiento dispone varios supuestos en los cuales una parte puede solicitar la desestimación de una acción en su contra antes de presentar la contestación a la demanda. R. Hernández Colón, *op. cit.*, págs. 266-267.

La Regla 10.2 (5) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (5), establece, en lo pertinente, que:

> Toda defensa de hechos o de derecho contra una reclamación en cualquier alegación...se expondrá en la alegación respondiente que se haga a las mismas, en caso de que se requiera dicha alegación respondiente, excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante moción debidamente fundamentada:
>
> [...]
>
> (5) dejar de exponer una reclamación que justifique la concesión de un remedio.

A los fines de disponer de una moción de desestimación, el tribunal está obligado a dar por ciertas y buenas las alegaciones fácticas de la demanda radicada y que hayan sido aseveradas claramente. *Torres Torres v. Torres Serrano*, 179 DPR 481, 501 (2010); *Perfect Cleaning Service, Inc. v. Centro Cardiovascular*, 172 DPR 139, 149 (2007); *Colón v. Lotería*, 167 DPR 625, 649 (2006); *García v. E.L.A.*, 163 DPR 800, 814 (2005); *Harguindey Ferrer v. Universidad Interamericana*, 148 DPR 13, 30 (1999); *Ramos v. Marrero*, 116 DPR 357, 369 (1985).

Además, debe tenerse presente que una demanda solo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio...". Regla 6.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1. La parte demandante no tiene que elaborar alegaciones minuciosas y jurídicamente perfectas, sino bosquejar a grandes rasgos su reclamación, mediante una exposición sucinta y sencilla de los hechos. *Torres Torres*, 179 DPR a la pág. 501; *Sánchez v. Aut. de Los Puertos*, 153 DPR 559, 569 (2001); *Dorante v. Wrangler de P.R.*, 145 DPR 408, 413 (1998).

Ahora bien, procederá una moción de desestimación, al amparo de la Regla 10.2 (5), *supra*, si, luego de examinada, el TPI determina que, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es insuficiente para constituir una reclamación válida. *El Día, Inc. v. Mun. de Guaynabo*,

187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera, et al.*, 184 DPR 407, 423 (2012); *Colón v. San Patricio Corp.*, 81 DPR 242, 266 (1959).

En otras palabras, el promovente de la moción de desestimación tiene que demostrar que, presumiendo que lo allí expuesto es cierto, la demanda no expone una reclamación que justifique la concesión de un remedio. *Rosario v. Toyota*, 166 DPR 1, 7 (2005); *Pressure Vessels v. Empire Gas*, 137 DPR 497, 505 (1994). Además, ante una moción de desestimación, hay que interpretar las alegaciones de la demanda conjunta, liberalmente y de la manera más favorable posible para la parte demandante. *Rosario*, 166 DPR a la pág. 8; *Dorante*, 145 DPR a la pág. 414. Así pues, la demanda no se desestimará a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación. *Rosario*, 166 DPR a la pág. 8; *Pressure Vessels*, 137 DPR a la pág. 505.

IV.

Contrario a lo planteado por el Demandante, la compraventa de la Propiedad no constituyó un pacto para excluirlo de las ganancias de la Sociedad. El hecho de que, según se alega, la compraventa haya sido un mecanismo usado por algunos de los demandados para explotar la Propiedad sin la participación del Demandante no convierte la compraventa en sí en un acuerdo que privaría al Demandante de las ganancias de la Sociedad.

Tampoco tiene razón el Demandante al plantear que, de las alegaciones de la Demanda se podría concluir que se configuró un contrato en daño a tercero. Las alegaciones únicamente sugieren que los demandados excluyeron al Demandante de una potencial oportunidad de negocios. Aunque ello podría constituir una causa de acción viable por el Demandante en contra de los miembros de la

Sociedad, no se configura por ello una causa de acción viable contra el Comprador, DDV-H y AFV, pues dichas partes no tenían deber alguno hacia el Demandante ni obligación de velar porque a este no se le excluyera de una oportunidad de negocios. Por dicha razón, y contrario a lo planteado por el Demandante, las alegaciones no configuran una causa de acción viable contra los Apelados por daños y perjuicios.

Además, el Demandante no puede considerarse "tercero afectado" a los fines de la doctrina del contrato en daño a tercero. Ello porque no hay "incompatibilidad entre la posición jurídica [del Demandante] y la que deriva" de la compraventa de la Propiedad. *Dennis, Metro Invs. v. City Fed. Savs.*, 121 DPR 197, 213. Tampoco las alegaciones permiten concluir que el daño alegado por el Demandante es una "consecuencia directa e inmediata" de la compraventa de la Propiedad. *Dennis,* 121 DPR a la pág. 214. Más bien, el daño que se alega nace, no de la compraventa como tal (como resultado de la cual la Sociedad recibió una contraprestación), sino de la exclusión del Demandante de la oportunidad de participar del negocio que con la Propiedad el Comprador supuestamente realizará.

Finalmente, las alegaciones del Demandante, sobre ausencia del debido consentimiento de los miembros de la Sociedad, y sobre la violación del deber de los demás miembros de la Sociedad hacia esta y hacia él (o sobre la posible violación por estos de acuerdos entre los integrantes de la Sociedad), no involucran a, ni pueden generar responsabilidad por parte de, los Apelados. Estamos propiamente ante una disputa interna a la Sociedad, sin que se alegue adecuadamente una causa de acción viable contra las tres entidades externas a la misma, a favor de quienes el TPI decretó la desestimación de la Demanda.

## V.

Por los fundamentos anteriormente expuestos, se confirma la sentencia apelada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones